# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE KELLY; CORRY-LYN KELLY,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br>COUNTRYWIDE HOME LOANS, INC., an ens legis being used to conceal fraud; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., an ens legis being used to conceal fraud; BANK OF AMERICA, an ens legis being used to conceal fraud; RECONSTRUCT COMPANY, an ens legis being used to conceal fraud; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), an ens legis being used to conceal fraud; JOHN DOES (INVESTORS), 1 through 10,000, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv699 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

　　On March 3, 2011, Plaintiff initiated this action by filing a Complaint in the San Diego County Superior which was removed to this Court on April 6, 2011. On April 13, 2011, a Motion to Dismiss and Motion to Expunge Lis Pendens was filed by Defendants Countrywide Home Loans, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America; ReconTrust Company; and Federal National Mortgage Association (Fannie Mae). (ECF No. 4). Defendants contend that: (1) Plaintiffs' claims which are based on a "vapor money" theory and "redemption" do not support any legal theory; (2) Plaintiffs' fraud claims are not pled with

particularity; and (3) Plaintiffs' claims under the Rackateer Influenced and Corrupt Practices Act are barred by the statute of limitations and are not adequately plead. To date, Plaintiffs have not responded to the Motion to Dismiss or the Motion to Expunge Lis Pendens.

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743 MMA (WVG), 2009 WL 3715257 at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The Motion to Dismiss and the Motion to Expunge Lis Pendens contains a proof of service indicating that Plaintiffs were served with the Motion. (ECF No. 4 at 4). The Motion and the Court's docket reflect that the hearing for the Motion to Dismiss and Motion for Expungement of Lis Pendens was noticed for May 16, 2011. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). As of the date of this Order, Plaintiffs have failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss and the Motion to Expunge Lis Pendens for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and the Motion to Expunge Lis

1 | Pendens is GRANTED.  (ECF No. 4).  The Complaint (ECF No. 1) is DISMISSED without
2 | prejudice as to Defendants Countrywide Home Loans, Inc.; Mortgage Electronic Registration
3 | Systems, Inc.; Bank of America; ReconTrust Company; and Federal National Mortgage
4 | Association (Fannie Mae).  The lis pendens is expunged.

DATED: July 25, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge